UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LYNN SCOTT,

      Plaintiff,

v.                         Case No:  2:26-cv-845-JES-DNF

BOOZ ALLEN HAMILTON, INC., a
Delaware corporation with
its principal place of
business in Virginia; and
CHARLES EDWARD LITTLEJOHN,
an individual,

      Defendants.

---

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on March 23, 2026.[1]  Subject matter jurisdiction is premised on the presence of a diversity of citizenship between the parties.  (Id., ¶ 9.)  This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff alleges that "[t]he amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

compensatory damages for economic loss, including security and monitoring costs, identity-protection expenses, other mitigation measures undertaken in response to the breach, and punitive damages where permitted by law." (Doc. #1, ¶ 14.) The Court accepts that the amount in controversy is adequately pled.

Plaintiff alleges that he is a citizen of the State of Florida and domiciled in Naples, Florida. (Id. at 10.) Defendant is alleged to be a Delaware corporation with a principal place of business in McLean, Virginia. (Id. at 11.) These allegations are sufficient.

Plaintiff alleges that defendant Charles Edward Littlejohn is a "citizen of a state other than Florida" and that he is currently incarcerated at the Federal Correctional Institution in Marion, Illinois. (Id. at 12.) Plaintiff does not state where Littlejohn's domicile was *before* his incarceration, and "[a] prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration." Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd, 488 F.2d 977 (5th Cir. 1974). See also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002) (citing Polakoff). Therefore, diversity is not adequately pled. Plaintiff will be provided the opportunity to do so.

The Court notes that the Complaint is a shotgun pleading. "The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). Plaintiff's statement that "realleges and incorporates" all preceding counts into Counts II, III, and IV is improper. (Doc. #1 at ¶¶ 96, 104, 113.)

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is **dismissed** for lack of subject matter jurisdiction and as a shotgun pleading without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record

3