UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LYNN SCOTT,
      Plaintiff,

      v.                           Case No. 2:26-cv-00845-JES-KRH

BOOZ ALLEN HAMILTON, INC., and
CHARLES EDWARD LITTLEJOHN,
      Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT BOOZ ALLEN HAMILTON INC.'S MOTION TO DISMISS**

Plaintiff Richard Lynn Scott[1] respectfully submits this Response in Opposition to Defendant Booz Allen Hamilton Inc.'s ("Booz Allen") Motion to Dismiss. Doc. #28 ("Motion"). For the reasons set forth below, the Motion should be denied.

**INTRODUCTION**

Booz Allen's Motion rests on a fundamental misdirection. This case is not an effort to relitigate whether Charles Littlejohn ("Littlejohn") committed a crime. He did. The question is whether Booz Allen should be held accountable for its own failures to safeguard confidential taxpayer information, supervise employee access, detect abnormal database activity, and prevent the misuse of credentials and access it helped confer. The First Amended Complaint ("FAC") plausibly alleges that it should. Doc. #14 at ¶¶ 1–8, 40–45, 57–75, 86–94.

---

[1] Plaintiff brings this action solely in his individual capacity. Although the Motion repeatedly refers to Plaintiff by his official title, this case concerns his private information and personal injuries.

1

Booz Allen's statute-of-limitations argument fails because it conflates knowledge of *Littlejohn's* crime with accrual of Plaintiff's separate negligence claim against Booz Allen. Before January 26, 2026, the materials Booz Allen cites identified Plaintiff as a victim of Littlejohn's crime; they did not identify Booz Allen, its safeguard failures, or its causal responsibility for The Breach.[2] The *ProPublica* article the Motion relies on did not mention Booz Allen, and Littlejohn's plea materials focused on his criminal conduct and referred only to "Company A." See Doc. #28-1; Doc. #28-2. The question of whether the FAC and properly considered materials establish that Plaintiff's separate claims against Booz Allen were complete and untimely is fact-bound and inappropriate for Rule 12 dismissal. See Wainberg v. Mellichamp, 93 F.4th 1221, 1224 (11th Cir. 2024); Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005).

Booz Allen's merits arguments also fail. The FAC plausibly alleges negligent hiring, retention, supervision, failure to safeguard, breach, causation, and vicarious liability against Booz Allen. Doc. #14 at ¶¶ 7–8, 40–45, 57–75, 86–94, 96–110. Booz Allen's contrary arguments turn on factual questions about foreseeability, monitoring, detection, and preventability. Those are issues for discovery, not for disposition under Rule 12(b)(6). Additionally, Booz Allen asks the Court to end this case before

---

[2] The FAC alleges that Littlejohn accessed, extracted, and disclosed Plaintiff's confidential tax-return information through credentials, permissions, and systems access conferred by his Booz Allen employment and contractor role with the IRS, and that Booz Allen's safeguard failures enabled that unauthorized access and disclosure. Doc. #14 at ¶¶ 40–52, 57–75, 86–94. Plaintiff refers to that unauthorized access, extraction, and disclosure as the "Breach."

discovery based on factual inferences about non-public cybersecurity controls, contractor obligations, and monitoring capabilities uniquely within Booz Allen's knowledge.

For these reasons, Booz Allen's Motion should be denied and Plaintiff should be permitted to proceed to discovery. Alternatively, if the Court concludes that any claim requires clarification, Plaintiff respectfully requests leave to amend.

## LEGAL STANDARD

On a Rule 12(b)(6) motion, courts must accept the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint need only contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At this stage, a court may not resolve factual disputes or accept a defendant's competing factual narrative. See Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012). Neither may it consider materials outside the complaint except documents properly incorporated into the pleadings. See St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002). Additionally, if a court concludes that any claim requires clarification, leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

## ARGUMENT

**I.    Booz Allen's Statute-of-Limitations Argument Fails Because the FAC Does Not Establish That Plaintiff's Claims Against Booz Allen Accrued Before January 26, 2026.**

> **A.    Dismissal on limitations grounds is proper only when the time bar is apparent from the face of the pleadings.**

Booz Allen seeks dismissal on statute-of-limitations grounds, an affirmative defense. To obtain that relief, Booz Allen must meet a demanding standard. A statute-of-limitations defense may support dismissal under Rule 12(b)(6) only when the time bar is apparent from the face of the complaint. Wainberg, 93 F.4th at 1224 ("[a] statute of limitations bar is an affirmative defense," and "dismissal on statute-of-limitations grounds is proper only where it is apparent from the face of the complaint that the claim is time-barred.") (quoting La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)). If the complaint's allegations leave room for a plausible basis to conclude that the claims are timely—or if the issue depends on facts concerning what the plaintiff knew or reasonably should have known—dismissal is improper. See Tello, 410 F.3d at 1288 ("[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.").

> **B.    Public knowledge of Littlejohn's crime does not establish accrual of Plaintiff's separate claims against Booz Allen.**

Booz Allen cannot satisfy the demanding Rule 12 standard for dismissal on statute-of-limitations grounds. Booz Allen's limitations argument depends on treating

4

public knowledge of Littlejohn's crime as legally equivalent to accrual of Plaintiff's separate negligence claim against Booz Allen. Those are different claims requiring different proof. Plaintiff does not sue Booz Allen merely because Littlejohn stole and disclosed tax-return information. Plaintiff sues Booz Allen because its own safeguard failures, negligent supervision, negligent retention, and deficient access controls substantially contributed to The Breach. Doc. #14 at ¶¶ 1, 7, 57–75, 86–94.

Booz Allen's argument also skips over Florida's actual accrual rule. Florida law provides that "[a] cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). For a negligence claim, those elements include duty, breach, causation, and damages. See Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003). Thus, Booz Allen cannot carry its Rule 12 burden merely by showing that Plaintiff knew his tax information had been disclosed by Littlejohn. Booz Allen must show, from the face of the FAC and documents properly considered at this stage, that Plaintiff's claim against *Booz Allen* was complete and time-barred as a matter of law. See Wainberg, 93 F.4th at 1224. The materials Booz Allen cites do not do so. They may address Plaintiff's knowledge of Littlejohn's criminal disclosure, but they do not establish that Booz Allen's own alleged breach of duty and causal responsibility were publicly identified, or that Plaintiff's separate claims against Booz Allen were complete and untimely, outside the limitations period.

The question for statute-of-limitations purposes is therefore not simply whether Plaintiff knew he had been harmed by Littlejohn. The question is whether Booz Allen has shown, from the face of the FAC and the documents upon which it relies, that

5

Plaintiff's claims against Booz Allen were complete and necessarily accrued before January 26, 2026, notwithstanding the absence of any public identification of Booz Allen's safeguard failures, breach of duty, or causal role. It has not.

In fact, the FAC alleges exactly the opposite. At the time of Littlejohn's plea and sentencing, publicly available information focused on Littlejohn's unlawful disclosures and the breach of Internal Revenue Service ("IRS") data systems—not Booz Allen's safeguard failures. Doc. #14 at ¶¶ 54–55. The criminal proceedings did not address or analyze Booz Allen's safeguard practices governing database access under its federal contracts. Id. The FAC further alleges that Plaintiff understood he had been the victim of criminal misconduct but was unaware that systemic safeguard failures by Booz Allen contributed to, enabled, or caused The Breach. Id. ¶ 55. It was not until January 26, 2026, when the Department of the Treasury ("Treasury") publicly announced the cancellation of Booz Allen's contracts and stated that Booz Allen failed to implement adequate safeguards to protect sensitive taxpayer information, that Plaintiff had any reasonable basis to understand Booz Allen's role in The Breach. Doc. #14 at ¶¶ 76–85, 93, 102. Until then, the public record identified Plaintiff as a victim of Littlejohn's crime; it did not reveal Booz Allen's responsibility for failing to prevent it. See id. Those allegations must be accepted as true at this stage. Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

6

C.     **Booz Allen's cited materials do not establish a limitations bar because they do not reveal Booz Allen's role in The Breach.**

The Motion does not identify anything in the FAC or the cited materials that establishes the untimeliness of Plaintiff's separate claims against Booz Allen as a matter of law. Instead, it relies heavily on the November 2021 *ProPublica* article and the factual basis for Littlejohn's plea. See Doc. #28-1; Doc. #28-2. Neither document establishes that Plaintiff knew or should have known of Booz Allen's alleged negligence at that time. The *ProPublica* article may show that Plaintiff's tax-return information was publicly discussed. It does not show that Plaintiff knew, or had any reason to know, that Booz Allen failed to implement reasonable safeguards under its federal contracts, failed to monitor employee access, failed to detect abnormal database activity, or failed to supervise Littlejohn's access to sensitive taxpayer data. To the contrary, the article is completely devoid of any reference to Booz Allen. It does not identify Booz Allen as Littlejohn's employer or the relevant government contractor, criticize Booz Allen's safeguards, or link any conduct by Booz Allen to Plaintiff's injury. See Doc. #28-2. Put simply, nothing in the article would have alerted Plaintiff that Booz Allen's own negligence and safeguard failures may have contributed to, enabled, or caused The Breach.

The factual basis for Littlejohn's plea is no different. Booz Allen treats that plea document as though it placed Plaintiff on notice of Booz Allen's negligence, but it never names Booz Allen. Rather, it is a criminal plea document about Littlejohn's conduct. It identified his criminal access, his concealment efforts, and his

unauthorized disclosures. It did not adjudicate Booz Allen's civil negligence, evaluate Booz Allen's contractual safeguard obligations, or assess whether Booz Allen failed to implement adequate monitoring, audit review, anomaly detection, access segmentation, or supervisory controls. Critically, it referred only to "Company A," not to Booz Allen. See Doc. #28-1. A document that does not name Booz Allen, analyze its safeguards, or reveal its negligence cannot establish on the face of the pleadings that Plaintiff's claims against Booz Allen accrued outside the limitations period.

> **D.    Booz Allen's limitations argument depends on factual inferences that Rule 12 does not permit.**

Booz Allen's contrary rule would require data-breach victims to sue every conceivable contractor, vendor, employer, and third party involved in a breach before any public information identifies whose safeguard failures contributed to the breach.

Plaintiffs are not required, and indeed may lack a non-speculative basis, to file lawsuits against unknown or unconnected entities to preserve claims that have not reasonably been revealed. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Iqbal, 556 U.S. at 678; Wainberg, 93 F.4th at 1224. Additionally, Rule 12 does not permit Booz Allen to prevail by asking the Court to infer—contrary to the FAC's factual allegations—that public information about Littlejohn's crime necessarily put Plaintiff on notice of Booz Allen's independent negligence. See Chaparro, 693 F.3d at 1335; Speaker, 623 F.3d at 1379; Wainberg, 93 F.4th at 1224. That inference is especially improper where the documents Booz Allen cites are wholly silent as to Booz Allen's identity, duties, safeguards, breach, and causal role.

8

Booz Allen's statute-of-limitations argument cannot be resolved in its favor without drawing inferences against Plaintiff from materials that did not identify Booz Allen, discuss Booz Allen's safeguard obligations, or link Booz Allen's conduct to Plaintiff's injury. The FAC properly pleads that before January 26, 2026, public reporting and court proceedings centered on Littlejohn's criminal conduct, not Booz Allen's systemic safeguard failures. Doc. #14 at ¶¶ 54–55, 80–85. It further alleges that the Treasury's January 26, 2026, announcement was the first formal public determination attributing inadequate safeguards to Booz Allen and linking those failures to confidential taxpayer information accessed through Booz Allen's contracts with the IRS. Id. ¶¶ 76–83. Whether Plaintiff could or should have discovered Booz Allen's negligence earlier requires factual development and cannot be resolved under Rule 12(b)(6). See Tello, 410 F.3d at 1288; Wainberg, 93 F.4th at 1224.

This Court has applied the same pleading-stage principle, denying limitations-based dismissal unless untimeliness is apparent on the face of the complaint. See S.Y. v. Wyndham Hotels & Resorts, Inc., 519 F. Supp. 3d 1069, 1084–85 (M.D. Fla. 2021) (denying dismissal where the complaint sufficiently invoked the continuing-tort doctrine and "it is not apparent from the face of the Complaint that the claim is time-barred"); C.S. v. Wyndham Hotels & Resorts, Inc., 538 F. Supp. 3d 1284, 1291–92 (M.D. Fla. 2021) (declining to resolve statute-of-limitations issues at the pleading stage where untimeliness was not apparent from the face of the complaint). The same result is warranted here. Nothing on the face of the FAC or the incorporated materials

establishes that Plaintiff's claims against Booz Allen accrued before January 26, 2026. That issue turns on facts that cannot be resolved on a Rule 12(b)(6) motion.

Booz Allen's argument also improperly conflates injury with causation. A negligence claim requires duty, breach, causation, and damages. Clay Elec., 873 So. 2d at 1185. Plaintiff's claims against Booz Allen are premised on Booz Allen's breach of its own duties and the causal role those breaches played in enabling the disclosure. Doc. #14 at ¶¶ 86–94. A plaintiff's awareness that he was injured by a criminal actor does not necessarily establish, on the pleadings, that a separate negligence claim against a separate entity accrued at that same moment. See Fla. Stat. § 95.031(1) (providing that a cause of action accrues when the last element constituting the cause of action occurs); Clay Elec., 873 So. 2d at 1185 (identifying duty, breach, causation, and damages as elements of negligence); Wainberg, 93 F.4th at 1224 (limitations dismissal proper only when time bar is apparent from the face of the complaint).

That is not a request for a free-floating delayed-discovery rule. Nor does Plaintiff ask the Court to extend Florida's delayed-discovery doctrine to negligence claims. Booz Allen's footnote on that doctrine therefore misses the point. See Doc. #28 at 8 n.2. Booz Allen's reliance on R.R. v. New Life Community Church of CMA, Inc., 303 So. 3d 916 (Fla. 2020) does not establish dismissal on this record. Although R.R. addresses accrual by reference to when the injury element occurs, it does not relieve Booz Allen of its burden to establish, from the face of the FAC and properly considered materials, that Plaintiff's separate negligence claim against Booz Allen was complete and untimely. The documents Booz Allen relies upon establish Littlejohn's criminal

10

disclosure; they do not identify Booz Allen, address Booz Allen's alleged safeguard failures, or establish Booz Allen's alleged breach and causal role as a matter of law. Plaintiff's argument is a straightforward application of Rule 12(b)(6) and Florida's "last element" accrual rule: Booz Allen must show, from the face of the pleadings and properly considered materials, that the negligence claim against Booz Allen was complete—including breach and causation—outside the limitations period. See Fla. Stat. § 95.031(1); Clay Elec., 873 So. 2d at 1185; Wainberg, 93 F.4th at 1224. It has not done so. The cited materials do not reveal Booz Allen's non-public cybersecurity controls, safeguard obligations, or abilities to monitor employees. They also do not contradict the FAC's allegations that, before January 26, 2026, public information related to Littlejohn's crime, not Booz Allen's responsibility or role.

For these reasons, Booz Allen has not carried its burden to show that Count I is time-barred on the face of the FAC. The FAC alleges a timely basis for Plaintiff's discovery of Booz Allen's negligence and responsibility, the documents Booz Allen relies upon do not contradict those allegations, and any dispute about what Plaintiff reasonably should have known before January 26, 2026, requires discovery. The Court should therefore deny Booz Allen's request to dismiss Count I as untimely.

## II.  Count I Should Not Be Dismissed Because the FAC Plausibly Alleges Negligent Hiring, Retention, Supervision, Failure to Safeguard, Breach, and Causation.

Booz Allen's merits attack on Count I fails for the same reason its limitations argument fails: it asks the Court to accept Booz Allen's factual narrative over the allegations in the FAC. At the pleading stage, that is improper. Plaintiff alleges that

Booz Allen vetted, hired, trained, supervised, and retained Littlejohn; granted him access to IRS systems containing unmasked taxpayer information; maintained authority over his access privileges; and failed to implement adequate monitoring, auditing, segmentation, and supervisory controls. Doc. #14 at ¶¶ 7–8, 40–45, 57–75, 86–94. Those allegations plausibly state a claim for negligence and cannot be defeated by Booz Allen's contrary factual assertions about what it allegedly could not foresee, monitor, detect, or prevent. Booz Allen cannot convert Littlejohn's criminal plea into civil immunity for itself. The plea materials address Littlejohn's criminal conduct; they do not adjudicate Booz Allen's safeguards, supervision, monitoring, access controls, or causal role. See Doc. #28-1.

### A. The FAC plausibly alleges that the risk of insider misuse was foreseeable.

Booz Allen argues that it could not have foreseen that one of its employees or contractors might misuse access to leak sensitive and confidential information. See Doc. #28 at 12–15. The FAC, however, alleges facts showing that the risk of insider misuse was foreseeable. Booz Allen is not alleged to be an ordinary employer with no experience in cybersecurity or sensitive government data. It is alleged to be a federal cybersecurity contractor hired precisely because it understands cybersecurity risk, access controls, insider threats, and sensitive government systems. Doc. #14 at ¶¶ 19–38, 68–75, 86–92.

Based on public reporting alone, Booz Allen had been linked to multiple major breaches or leaks before The Breach at issue here. Doc. #14 at ¶¶ 31–34. Against that

12

backdrop, Booz Allen cannot plausibly claim, at the pleading stage, that the risk of insider misuse was unforeseeable as a matter of law. The FAC makes that point directly: "[f]ollowing such widely publicized insider breaches, it was reasonably foreseeable that employees entrusted with elevated access to sensitive federal databases, including IRS taxpayer systems, could misuse that access absent robust safeguard mechanisms." Id. ¶ 37.

Likewise, Littlejohn was not alleged to have committed a fleeting or momentary misuse of access. Plaintiff alleges that Littlejohn repeatedly used employment-conferred credentials and access over an extended period to access, extract, and disclose confidential taxpayer information. Doc. #14 at ¶¶ 40–52, 58–59, 62–67, 72–75. That sustained course of conduct supports a plausible inference that reasonable hiring, supervision, retention, monitoring, access controls, audit review, or safeguarding practices could have prevented or stopped The Breach. Booz Allen's contrary argument improperly narrows foreseeability to whether it knew Littlejohn personally intended to commit this precise crime. The foreseeable risk was broader: given Booz Allen's experience with sensitive government data and the several prior public incidents involving insider misuse and major data exposure, an employee with privileged access to vast amounts of confidential IRS taxpayer data could misuse that access absent reasonable and effective safeguards. See McCain v. Fla. Power Corp., 593 So. 2d 500, 503–04 (Fla. 1992).

Under Florida law, negligent hiring and retention claims allow recovery against an employer for its own negligence where an employee commits tortious conduct

13

outside the scope of employment. See Garcia v. Duffy, 492 So. 2d 435, 438–39, 441 (Fla. 2d DCA 1986). A negligent hiring claim focuses on whether the employer knew or should have known of the employee's unfitness at the time of hiring, while negligent retention focuses on whether the employer knew or should have known of problems arising after hiring and failed to investigate or take corrective action. See Garcia, 492 So. 2d at 438–39, 441; Malicki v. Doe, 814 So. 2d 347, 362 n.15 (Fla. 2002). As Booz Allen itself recognizes, the issue turns principally on reasonable foreseeability and whether the danger that materialized reasonably could have or should have been foreseen. Doc. #28 at 12, 14.

The FAC satisfies that standard. Plaintiff alleges that Booz Allen had notice, based on its own history and prior public incidents, that its personnel could be the source of major data breaches or insider misuse of sensitive information. Doc. #14 at ¶¶ 25–37, 90–91. Plaintiff also alleges that Booz Allen hired Littlejohn, was negligent in vetting, hiring, retaining, and supervising him, and failed to implement adequate safeguards. Id. ¶¶ 7–8, 40–45, 68–71, 86–92. Those allegations are more than sufficient at the pleading stage.

In any event, even if the Court concludes that Plaintiff has not sufficiently alleged that Booz Allen should have identified Littlejohn's unfitness at the time of hiring, that would not dispose of Count I. The FAC separately alleges negligent supervision and failure to safeguard based on Booz Allen's continuing control over access to protected taxpayer information and its alleged failure to detect Littlejohn's

repeated misuse of that access. Doc. #14 at ¶¶ 57–75, 86–94. Those independent theories require factual development and should proceed.

**B.      The FAC plausibly alleges Booz Allen's own safeguard failures, breach, and causation.**

Booz Allen's demand for more "specific facts" concerning the details of its internal supervision, monitoring, audit systems, and access controls is misplaced at the pleading stage. A complaint "does not need detailed factual allegations," nor must it "allege with precision every element of a cause of action to survive a motion to dismiss." Donovan v. Westcor Land Title Ins. Co., No. 6:20-cv-544-Orl-40GJK, 2020 WL 13357822, at *9 (M.D. Fla. July 8, 2020). Contrary to the Motion's suggestion, Plaintiff is not required to plead facts uniquely within Booz Allen's knowledge before discovery.

Plaintiff also pleads more than labels or conclusions. The FAC alleges that Booz Allen failed to implement adequate monitoring and anomaly-detection systems, failed to conduct reasonable audit review of database queries, failed to restrict or segment elevated access privileges, failed to detect abnormal or bulk data-extraction activity, and failed to supervise and control employee access to confidential taxpayer data. Doc. #14 at ¶ 89. It also alleges causation: "[a]s a direct and proximate result of Booz Allen's negligent conduct, Littlejohn was able to access, extract, and disclose Plaintiff's confidential tax return information," and "[b]ut for Booz Allen's conduct, or lack thereof, Plaintiff's confidential tax return information would not have been disclosed." Id. ¶ 92; see also id. ¶¶ 83, 93, 102.

That is also why Booz Allen's cited data-breach cases do not support dismissal of Count I. Plaintiff does not rely on the mere occurrence of a data breach to infer negligence. He alleges specific supervisory and safeguard failures and ties those failures to Littlejohn's repeated misuse of access conferred through his Booz Allen employment. Doc. #14 at ¶¶ 40–45, 57–75, 86–94. Those allegations provide a factual basis for breach and causation that must be accepted at this stage.

### C.     Booz Allen's contrary arguments raise factual issues that cannot be resolved on a motion to dismiss.

Booz Allen responds by asserting that it had "no ability to independently monitor or audit IRS databases." Doc. #28 at 16, 18. However, that is a factual assertion outside the pleadings. Plaintiff is entitled to test that assertion in discovery. The Court cannot accept Booz Allen's self-serving description of its technical access, contractual obligations, or monitoring capabilities as true on a motion to dismiss. Nor can the Court resolve, on the pleadings, whether Booz Allen had alternative means to supervise Littlejohn, restrict access, detect abnormal activity, review logs, escalate concerns, or comply with safeguard obligations under its IRS contracts.

Those technical and contractual issues are uniquely within Booz Allen's knowledge and require discovery. For these reasons, Plaintiff has adequately alleged negligent hiring, retention, supervision, failure to safeguard, breach, and causation.

### III.   The FAC Plausibly Alleges Vicarious Liability Based on Littlejohn's Employment-Conferred Access.

Booz Allen also seeks dismissal of Plaintiff's vicarious-liability theory. Doc. #28 at 15–16, 20–23. That argument should be rejected at the pleading stage. To the extent

the Court views vicarious liability as a theory rather than a standalone cause of action, that is not a basis to dismiss the theory with prejudice; at most, the Court may treat Count II as a theory of liability supporting Plaintiff's underlying tort claims.

Under Florida law, an employer may be held vicariously liable for an employee's tortious acts when those acts are committed within the scope of employment. See McKenzie v. United States Tennis Ass'n, Inc., No. 6:22-cv-615-PGB-LHP, 2023 WL 3058036, at *5–6 (M.D. Fla. Apr. 24, 2023). Plaintiff alleges that Littlejohn was employed by Booz Allen to access highly sensitive federal systems and confidential taxpayer information in connection with Booz Allen's IRS contracts, and that he used employment-conferred access, credentials, hardware, software, network permissions, and database access to obtain and disclose Plaintiff's confidential tax information. Doc. #14 at ¶¶ 17–18, 40–52, 96–102.

Booz Allen argues that Littlejohn acted alone, did not act to serve Booz Allen, and acted directly against Booz Allen's interests. Doc. #28 at 21–22. But those are factual assertions and inferences Booz Allen asks the Court to draw in its favor. The FAC does not allege that Littlejohn's conduct was wholly disconnected from his employment-conferred access; rather, it alleges that he used access, credentials, hardware, software, network permissions, and database access made available through his Booz Allen employment and contractor role. Doc. #14 at ¶¶ 40–52, 96–102. Booz Allen's alleged post-Breach consequences also cannot establish Littlejohn's intent or scope of employment as a matter of law. See Sussman v. Fla. E. Coast Props., Inc., 557 So. 2d 74, 75–76 (Fla. 3d DCA 1990); McKenzie, 2023 WL 3058036, at *7.

17

Courts recognize that vicarious liability is often a fact-intensive issue not suitable for resolution on a motion to dismiss. See McKenzie, 2023 WL 3058036, at *7. At minimum, Plaintiff has alleged underlying tortious conduct by Littlejohn and facts tying that conduct to the access Booz Allen provided. Doc. #14 at ¶¶ 40–52, 96–119. That is enough at this stage. Booz Allen's competing characterization of Littlejohn's purpose, intent, and relationship to his employment-conferred access raises factual issues that cannot be resolved on a Rule 12(b)(6) motion.

For these reasons, Booz Allen's request to dismiss Plaintiff's negligence and vicarious-liability theories should be denied.

### IV. Count III Should Not Be Dismissed Because Booz Allen Has Not Established a Limitations Bar and the FAC Plausibly Alleges an Intentional Privacy Invasion Through Employment-Conferred Access.

Booz Allen's attack on Count III repeats the same errors addressed above. It treats Plaintiff's knowledge of Littlejohn's criminal disclosure as dispositive of Plaintiff's claim against Booz Allen, and it treats Plaintiff's vicarious-liability theory as though Plaintiff must allege that Booz Allen itself personally published Plaintiff's tax information. Neither premise is correct.

For the reasons set forth in Section I, Booz Allen has not shown from the face of the FAC that Count III is time-barred. The *ProPublica* article and Littlejohn plea materials did not identify Booz Allen, disclose its safeguard obligations, or link Booz Allen's conduct to Plaintiff's injury. See Doc. #28-1; Doc. #28-2.

Booz Allen next argues that Count III fails because invasion of privacy is an intentional tort and the FAC alleges only negligence by Booz Allen. That argument

18

improperly isolates Booz Allen's conduct from Littlejohn's intentional misconduct and ignores Plaintiff's vicarious-liability theory. The FAC alleges that Littlejohn intentionally accessed, obtained, and disclosed Plaintiff's confidential tax-return information without authorization. Doc. #14 at ¶¶ 45–50, 103–108. That is the intentional invasion. As to Booz Allen, the FAC alleges that Littlejohn's access was made possible through authority, credentials, hardware, software, network permissions, and database access provided through his Booz Allen employment and contractor role. Id. ¶¶ 40–45, 97–100.

The relevant question is not whether Booz Allen itself directly transmitted Plaintiff's tax information to the media. The relevant question is whether Booz Allen may be held responsible for the intentional privacy invasion committed by its employee using employment-conferred access. Florida law recognizes that a principal may be liable for tortious acts committed by its agent within the scope of the agency relationship. Robelo v. United Consumers Club, Inc., 555 So. 2d 395, 396 (Fla. 3d DCA 1989). Moreover, whether an employee's conduct is sufficiently connected to employment-conferred authority, access, or duties is ordinarily a fact-intensive inquiry not suited for resolution on a motion to dismiss. See Sussman v. Fla. E. Coast Props., Inc., 557 So. 2d 74, 75–76 (Fla. 3d DCA 1990).

For Count III, Booz Allen's cited data-breach cases also do not compel dismissal because those cases involved allegations that a defendant negligently failed to prevent a third-party data breach, with no adequately pled basis to attribute the intentional invasion itself to the defendant. See Doc. #28 at 24–25. This case is

19

different. Plaintiff is not trying to convert negligent cybersecurity into an intentional tort committed by an unknown hacker; he alleges an intentional invasion by Booz Allen's own employee using access Booz Allen conferred and controlled. The FAC alleges that the intentional wrongdoer was Booz Allen's employee; that he accessed the data through credentials, software, network permissions, and database access made available through his contractor role; and that Booz Allen had supervisory control over that access. Doc. #14 at ¶¶ 40–45, 97–110.

At minimum, Count III should not be dismissed with prejudice. If the Court concludes that the invasion-of-privacy claim should be more clearly framed as a vicarious-liability theory based on Littlejohn's intentional disclosure, the appropriate remedy is leave to amend—not dismissal with prejudice. <u>Bryant</u>, 252 F.3d at 1163. Accordingly, Booz Allen's request to dismiss Count III should be denied. In the alternative, any dismissal should be without prejudice and with leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Booz Allen's Motion to Dismiss in full. Booz Allen's Motion depends on disputed facts, adverse inferences, and matters uniquely within Booz Allen's knowledge; it should not be allowed to end this case before discovery. In the alternative, to the extent the Court concludes that any claim requires additional factual clarification, Plaintiff respectfully requests leave to amend.

20

Date: May 26, 2026

Respectfully submitted,

*/s/ Nadin Linthorst*
Nadin Linthorst*
New York State Bar No. 5559042
Jessica Furst Johnson
Florida State Bar No. 43929
Dennis Polio*
District of Columbia Bar No. 198054
Lex Politica PLLC
611 Pennsylvania Ave SE #353
Washington, DC 20003
Telephone: 512-354-1785
nlinthorst@lexpolitica.com
jessica@lexpolitica.com
dpolio@lexpolitica.com

**COUNSEL FOR PLAINTIFF**

* Admitted *pro hac vice*

21