# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

RICHARD LYNN SCOTT,

      Plaintiff,

    v.

BOOZ ALLEN HAMILTON INC.,

CHARLES EDWARD LITTLEJOHN,

      Defendants.

Case No. 2:26-cv-00845-JES-KRH

**DEFENDANT BOOZ ALLEN HAMILTON INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS <u>COUNTS I, II, AND III OF THE FIRST AMENDED COMPLAINT</u>**

Defendant Booz Allen Hamilton Inc. ("Booz Allen"), by and through undersigned counsel, and pursuant to Local Rule 3.01(e), respectfully moves the Court for leave to file a reply (the "Reply") to Plaintiff's Response in Opposition to Defendant Booz Allen Hamilton Inc.'s Motion to Dismiss (Dkt. 32) (the "Response"). Booz Allen seeks a reply that (a) does not exceed five (5) pages in length and (b) would be filed within ten (10) days from the Court's Order resolving this motion.

Courts in the Middle District of Florida hold that parties must show good cause for leave to file a reply brief. *In re Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2015 WL 4470093, at *2 (M.D. Fla. July 21, 2015). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court . . . [and] benefit the Court's resolution of the pending motion." *Id.* (citations and internal quotations omitted). Good cause exists for Booz Allen's requested reply.

First, with respect to statute of limitations, Plaintiff's opposition argues that it is not seeking "to extend Florida's delayed-discovery doctrine." Dkt. 32 at 10. Yet, Plaintiff makes the argument anyway, asserting that his claims did not accrue for statute of limitation purposes until he had knowledge of Booz Allen's alleged involvement. This is a misapplication of Florida law. Accrual occurs at the time of injury—not at the time Plaintiff discovered who may have caused the injury. Plaintiff's argument essentially asks the Court to impute an additional, nonexistent element to his claims: plaintiff's knowledge of who caused the injury. While Plaintiff cites to a handful of cases, none of them support what Plaintiff is asking the Court to do here.

1

A reply would assist this Court in resolving the motion by providing Booz Allen the opportunity to clarify the proper accrual period, address Plaintiff's lack of meaningful authority for this nonexistent proposition, and provide further clarity of why, on its face, Plaintiff's claims are time barred under the applicable statute of limitations.

Second, Plaintiff's opposition relies primarily on the faulty premise that Booz Allen has asked this Court to adopt its version of the facts, rather than accepting Plaintiff's allegations as true. This mischaracterizes Booz Allen's argument, which does not ask the Court to accept one factual narrative over the other. Instead, Booz Allen has asked the Court to consider documents that Plaintiff himself incorporated by reference into the first amended complaint. These documents contradict Plaintiff's stated allegations, thereby making the first amended complaint implausible and subject to dismissal.

Notably, Plaintiff does not dispute that the documents Booz Allen relied on were incorporated by reference. Instead, Plaintiff characterizes Booz Allen's argument as advancing "disputed facts" that are inappropriate to consider on a motion to dismiss. Dkt. 32 at 20. Contradictory allegations are not factual disputes; they are proper considerations for the Court on a motion to dismiss. Permitting a reply will promote a more efficient resolution of Booz Allen's pending motion as it will allow Booz Allen to address Plaintiff's mischaracterization and provide further clarification to the Court as to why the documents incorporated by reference wholly contradict Plaintiff's untimely and implausible claims.

Lastly, Plaintiff's Response is notable not only for the arguments it makes, but

2

also for what it wholly ignores. Booz Allen's motion to dismiss raised multiple grounds for dismissal that Plaintiff did not dispute or failed meaningfully to address. A reply will promote a more efficient resolution of the pending motion, as it will allow Booz Allen to address these undisputed arguments to further narrow the issues for the Court.

WHEREFORE, Booz Allen respectfully requests a reply that is five (5) pages in length, which will be filed within ten (10) days from the Court's Order resolving this motion.

### LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Defendant Booz Allen Hamilton Inc. conferred with counsel for Plaintiff on June 5, 2026, in a good-faith effort to resolve the issues raised by this motion. Plaintiff does not oppose the relief requested in this motion.

3

Dated: June 5, 2026

Respectfully submitted,

*/s/ A. Lee Bentley, III*
A. Lee Bentley, III
Fla. Bar No. 1002269
Giovanni P. Giarratana
Fla. Bar No. 125848
Sarah A. Chen
Fla. Bar No. 1069100
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite 1000
Tampa, Florida 33602
Ph: (813) 559-5500
Fax: (813) 229-5946
Primary E-mail: lbentley@bradley.com
Primary E-mail: ggiarratana@bradley.com
Primary email: schen@bradley.com
Secondary email: jbrandt@bradley.com

*Counsel for Defendant Booz Allen Hamilton Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will automatically send e-mail

notifications of such filing to all attorneys of record.

*/s/ A. Lee Bentley, III*
Counsel for Defendant

4