UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LYNN SCOTT,

       Plaintiff,

    v.

BOOZ ALLEN HAMILTON INC.,

CHARLES EDWARD LITTLEJOHN,

       Defendants.

Case No. 2:26-cv-00845-JES-KRH

**DEFENDANT BOOZ ALLEN HAMILTON INC.'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS I, II, AND III OF**
**THE FIRST AMENDED COMPLAINT**

Senator Scott's Opposition concedes every fact necessary to dismiss this case: injury occurred by November 2021, the delayed discovery doctrine does not apply, and the incorporated documents are properly before the Court—leaving nothing but untimely claims built on allegations the incorporated documents foreclose.

***Count I (Negligence) Is Untimely***. Senator Scott concedes that his claims accrue "when the last element constituting the cause of action occurs," Opp'n at 5 (quoting Fla. Stat. § 95.031(1)), and that controlling Florida precedent "addresses accrual by reference to when the injury element occurs," Opp'n at 10; *see also R.R. v. New Life Cmty. Church of CMA, Inc.*, 303 So. 3d 916, 921 (Fla. 2020) ("There is no dispute that . . . negligence and respondeat superior claims like the ones at issue here would accrue at the time of injury."). He also does not dispute that the unauthorized disclosure of

1

his tax return information occurred by November 4, 2021, when ProPublica published an article describing his confidential taxpayer information and noting he had "declined to comment." Mot. 9; Opp'n at 7. These concessions are dispositive. Injury is the last element of a negligence claim under Florida precedent, the applicable limitations period is four years, the injury occurred by November 2021, and Senator Scott waited more than four years to file suit, rendering his claim time-barred.

Senator Scott also concedes that Florida's delayed discovery doctrine does not apply to negligence claims. Opp'n at 10; *New Life Cmty. Church*, 303 So. 3d at 921. His argument that accrual was delayed because he did not know of Booz Allen's "role" until 2026, *e.g.*, Opp'n at 6, is nothing more than delayed discovery under a different label. It fails for three reasons. *First*, the statute ties accrual to the "occur[ence]" of injury, not plaintiff's knowledge. Fla. Stat. § 95.031(1); *New Life Cmty. Church*, 303 So. 3d at 921. *Second*, plaintiff's knowledge is relevant only to the delayed discovery doctrine, which he concedes is inapplicable. Opp'n at 10. *And third*, Florida courts expressly reject the theory that accrual requires knowledge of potential wrongdoers' identity. *See McConley v. Wells Fargo Bank, N.A.*, No. 4:24-cv-484-MW-MAF, 2025 WL 3190880, at *6 (N.D. Fla. Oct. 15, 2025); *Int'l Broth. of Carpenters & Joiners of Am., Local 1765 v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., Local No. 803*, 341 So. 2d 1005, 1006 (Fla. 4th DCA 1976) ("[P]laintiff plainly knew that it had a cause of action in tort as soon as its building blew up. Its ignorance as to the identity of the potential defendant does not affect this fact . . . ."). Senator Scott has no answer to these cases, and cites no authority supporting his assertion that accrual required

2

knowledge of Booz Allen's "role." His cited cases interpret different federal statutes of limitations,[1] apply the continuing tort doctrine (which he does not assert and would not save his claim in any event),[2] or merely restate general pleading standards.

*Count III (Invasion of Privacy) Is Untimely*. Senator Scott does not offer a separate timeliness argument on Count III's distinct accrual standard. This is fatal. He does not dispute that the statute of limitations for an invasion of privacy claim is four years, that the limitations period begins to run "when there has been notice of an invasion of legal rights," that he had notice of the invasion by November 2021, or that he waited more than four years to file this lawsuit. That is all that is required to find Count III untimely on its face. *See Haskins v. City of Ft. Lauderdale*, 898 So. 2d 1120, 1123 (Fla. 4th DCA 2005). His only response—that the ProPublica article did not "link Booz Allen's conduct to Plaintiff's injury," Opp'n at 18—is foreclosed by controlling precedent: the statute of limitations "bars an action for invasion of privacy that is commenced more than four years after the invasion, *even if plaintiff learns of the invasion less than four years prior to the commencement of the action*." *Haskins*, 898 So. 2d at 1123 (emphasis added). What matters is when the invasion occurred, and Senator Scott concedes that it occurred no later than November 2021, rendering his claim untimely.

*Senator Scott Fails to State a Claim on Each Count*. Senator Scott does not challenge the incorporation by reference of the ProPublica article or the Factual Basis

---

[1] *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224–25 (11th Cir. 2024) (42 U.S.C §§ 1985, 1986); *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1278–79 (11th Cir. 2005) (Sarbanes-Oxley Act).
[2] *S.Y. v. Wyndham Hotels & Resorts, Inc.*, 519 F. Supp. 3d 1069, 1088–89 (M.D. Fla. 2021); *C.S. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284, 1303–04 (M.D. Fla. 2021).

for Littlejohn's Plea. It is therefore undisputed that these documents are properly before the Court. *See Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023). Instead, Senator Scott asserts that "contrary fact[s]" in the incorporated documents create factual disputes that preclude dismissal. *See, e.g.*, Opp'n 8, 9, 11–12, 17, 18, 20. He is wrong. Where materials incorporated by reference "clear[ly] and obviously contradict[] the plaintiff's alleged facts, [courts] accept the [incorporated material] instead of the complaint's account." *Baker*, 67 F.4th at 1277–78; Mot. 6–7. Far from precluding dismissal, the specific facts in the incorporated documents require it, as set forth in Booz Allen's Motion. *See, e.g.*, Mot. 14–15, 19, 22.

As to Count I (Negligence), Senator Scott fails to allege any specific fact suggesting that Booz Allen could or should have discovered Littlejohn's criminal intent at any time before his crime, or any specific form of monitoring that would have stopped him. He also fails to dispute that the specific facts in the incorporated documents—including Littlejohn's use of IRS systems beyond Booz Allen's control and his extensive efforts to evade detection—contradict the FAC's conclusory allegations and render them implausible. Mot. 11–19. Senator Scott's reliance on *McCain v. Florida Power Corp.*, 593 So. 2d 500, 503–04 (Fla. 1992), which addresses the general scope of a power company's duty, cannot change the outcome for his negligent hiring, supervision, retention, or failure to safeguard theories. These claims require foreseeability of the "the specific danger" posed by the particular employee—not generalized insider misuse. *Malicki v. Doe*, 814 So. 2d 347, 362 (Fla. 2002).

As to Count II (Vicarious Liability), Senator Scott does not dispute that vicarious liability is not a standalone claim in Florida. Opp'n at 16–17. That alone requires dismissal. Even as a theory of liability, it fares no better. Vicarious liability cannot support Count I because Count I requires conduct *outside* the scope of employment, while vicarious liability by definition requires conduct *within* it. Mot. 15; *see also Purcell v. City of Fort Lauderdale*, No. 21-CV-61006, 2025 WL 1825254, at *3 (S.D. Fla. July 2, 2025) (collecting cases). Vicarious liability also cannot support Counts I or III because the FAC and incorporated documents squarely contradict any inference that Littlejohn was "activated at least in part by a purpose to serve" Booz Allen, *Trabulsy v. Publix Super Mkt., Inc.*, 138 So. 3d 553, 555 (Fla. 5th DCA 2014), when he used IRS credentials and equipment to run searches "unrelated to any legitimate assigned work task," FAC ¶ 45, and uploaded stolen data to personal storage devices. Mot. 20–23. Senator Scott's only response—that Littlejohn's conduct was "[not] wholly disconnected from his employment-conferred access," Opp'n at 17—ignores that mere employment access is insufficient to establish scope of employment. *Santarlas v. Minner*, 2015 WL 5896243, at *2 (M.D. Fla. Oct. 7, 2015).

As to Count III (Invasion of Privacy), Senator Scott concedes that Booz Allen itself committed no intentional act. Opp'n 18–20. That is fatal to Count III, because invasion of privacy is an intentional tort. Mot. 24–25 (collecting cases). Amendment to allege vicarious liability on this claim would be futile because the only plausible inference from the FAC and incorporated documents is that Littlejohn pursued an independent crime in direct contravention of Booz Allen's interests. Mot. 20–23.

Dated: June 22, 2026

                    Respectfully submitted,

                    */s/ A. Lee Bentley, III*

                    A. Lee Bentley, III

                    Fla. Bar No. 1002269

                    Giovanni P. Giarratana

                    Fla. Bar No. 125848

                    Sarah A. Chen

                    Fla. Bar No. 1069100

                    **Bradley Arant Boult Cummings LLP**

                    1001 Water Street, Suite 1000

                    Tampa, Florida 33602

                    Ph: (813) 559-5500

                    Fax: (813) 229-5946

                    Primary E-mail: lbentley@bradley.com

                    Primary E-mail: ggiarratana@bradley.com

                    Primary E-mail: schen@bradley.com

                    Secondary E-mail: jbrandt@bradley.com

                    *Counsel for Defendant Booz Allen Hamilton Inc.*

6

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of June 2026, a true and correct copy of the foregoing was electronically filed in the United States District Court, Middle District of Florida, using the CM/ECF system which will serve all counsel of record.

_/s/ A. Lee Bentley, III_
Counsel for Defendant
