**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RICHARD LYNN SCOTT,

      Plaintiff,

v.                                              Case No. 2:26-CV-00845-JES-KRH

BOOZ ALLEN HAMILTON, INC.,

CHARLES EDWARD LITTLEJOHN

      Defendants.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1.  Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 6/29/2026. Nadin Linthorst and Dennis Polio for Plaintiff Richard Lynn Scott and Giovanni Giarratana, Lee Bentley, and Sarah Chen  for Defendant Booz Allen Hamilton, Inc. ("Booz Allen") attended the conference.

Plaintiff and Booz Allen have conferred in good faith regarding the matters addressed in this Case Management Report. They were unable to confer with Defendant Charles Edward Littlejohn before submission of this Report because he is not represented by counsel and is presently in federal custody. Accordingly, this Report reflects the positions of the submitting parties only, without prejudice to Defendant Littlejohn's ability to raise any position he may have at the appropriate time.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 7/15/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 9/1/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 2/8/2027 |
| | Defendant | 3/8/2027 |
| | Rebuttal | 4/8/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 5/21/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). Not applicable. Plaintiff does not assert class claims and does not intend to seek class certification under Federal Rule of Civil Procedure 23. | | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 6/22/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The parties have not yet agreed on a mediator. The parties will confer in good faith regarding the selection of a mediator and will timely file a notice identifying the mediator's name, address, and telephone number once a mediator has been selected. | | 6/14/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 10/22/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 11/3/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 11/19/2027 |
| Month and year of the trial term. | | 12/1/2027 |

The trial will last approximately 7 days and be

☒ jury.

☐ non-jury.

### 3. Description of the Action

This action arises from the illicit access to and disclosure of Plaintiff's confidential tax-return information by Charles Littlejohn, a former IRS contractor hired by Booz Allen. Plaintiff asserts claims against Booz Allen based on its alleged role in hiring, retaining, supervising, and/or assigning Littlejohn to work involving sensitive taxpayer information. Booz Allen denies liability and disputes Plaintiff's allegations. The parties anticipate that the case may involve issues relating to federal tax-return confidentiality, contractor access to IRS systems, internal controls and compliance practices, third-party discovery, and confidentiality protections for sensitive taxpayer information.

### 4. Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

### 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

### 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason

> can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒ Yes.
    ☐ No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects:

For Plaintiff Richard Lynn Scott: The factual circumstances surrounding Charles Littlejohn's employment by Booz Allen and assignment to IRS-related work; the nature and scope of Littlejohn's access to IRS systems

and taxpayer information; policies, procedures, training, supervision, and internal controls relating to access to confidential taxpayer information; any relevant background checks, performance issues, security incidents, or other information concerning Littlejohn's hiring, retention, supervision, and assignment; the alleged access to and disclosure of Plaintiffs' tax-return information; communications among Booz Allen, the IRS, and any other relevant third parties concerning Littlejohn or the alleged disclosures; causation, damages, and mitigation; Plaintiffs' alleged injuries; Booz Allen's defenses; and any other matters relevant to the parties' claims and defenses.

For Defendant Booz Allen: Booz Allen believes that the pending Motion to Dismiss will be dispositive of the entire action, and as a result, discovery is not needed. Notwithstanding, Booz Allen states: documents and information relating to Plaintiff's claims in the Amended Complaint and Booz Allen's defenses including, without limitation, (i) the United States' engagement, supervision, and control of Mr. Littlejohn; (ii) the United States' trainings, guidelines, policies, protocols, or procedures applicable to Mr. Littlejohn regarding confidentiality, data security or privacy, cybersecurity, physical security, and/or any protection for taxpayer information; (iii) Mr. Littlejohn's work at or for the IRS; (iv) Mr. Littlejohn's access to and disclosure of taxpayer information; (v) the United States' response to Mr. Littlejohn's theft of taxpayer information, including the investigation, indictment, prosecution, and conviction of Mr. Littlejohn, as well as any steps taken to strengthen internal systems, protocols, and procedures in response thereto; (vi) the United States' acknowledgment of failure to prevent Mr. Littlejohn's criminal conduct and unlawful disclosure; (vii) Plaintiff's alleged damages; and (viii) the timeliness of Plaintiff's claims.

C.  Discovery should be conducted in phases:

&#8864;  No.
☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

&#8864;  No.
☐  Yes; describe the issue(s).

E.  ☒  The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

The parties anticipate that discovery may implicate claims of attorney-client privilege, work-product protection, taxpayer confidentiality, government-related confidentiality restrictions, and other applicable privileges or protections. The parties will comply with Federal Rule of Civil Procedure 26(b)(5)(A) by expressly identifying withheld materials and providing sufficient information to permit assessment of the claim of privilege or protection, including through privilege logs where appropriate.

The parties will meet and confer regarding the timing, format, and scope of any privilege logs, including whether categorical logging or other streamlined procedures are appropriate for certain categories of documents, such as communications with litigation counsel, post-filing communications, or documents protected as trial-preparation materials. The parties also anticipate negotiating a protective order and, if appropriate, an ESI protocol addressing the treatment of confidential, sensitive, and privileged materials.

The parties further agree to meet and confer regarding an order under Federal Rule of Evidence 502(d) providing that the inadvertent production of privileged or protected material shall not constitute a waiver of any privilege or protection in this action or in any other federal or state proceeding, and establishing a procedure for the prompt return, sequestration, or destruction of such materials upon notice.

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

/s/ Nadin Linthorst
Nadin Linthorst*
New York State Bar No. 5559042
Jessica Furst Johnson
Florida Bar No. 43929
Dennis Polio*
District of Columbia Bar No. 198054
**Lex Politica PLLC**
611 Pennsylvania Ave SE #353
Washington, DC 20003
Telephone: 512-354-1785
nlinthorst@lexpolitica.com
jessica@lexpolitica.com
dpolio@lexpolitica.com

*Admitted pro hac vice*

/s/ Giovanni P. Giarratana
Giovanni P. Giarratana
Florida Bar No. 125848
A. Lee Bentley, III
Florida Bar No. 1002269
Sarah A. Chen
Florida Bar No. 1069100
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite 1000
Tampa, FL 33602
Phone: (813) 559-5500
Fax: (813) 229-5946
Primary E-mail: lbentley@bradley.com
Primary E-mail: ggiarratana@bradley.com
Primary E-mail: schen@bradley.com
Secondary E-mail: jbrandt@bradley.com