UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LYNN SCOTT, CASE NO. 2:26-cv-00845-KCD-KRH

PLAINTIFF,

vs.

BOOZ ALLEN HAMILTON, INC., AND
CHARLES EDWARD LITTLEJOHN,

DEFENDANTS.
_________________________________/

# REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS III AND IV

**A. Florida's Long-Arm Statute and Due Process Require Separate Analyses**.

Littlejohn acknowledges that Florida requires separate statutory and constitutional inquiries. A nonresident's out-of-state intentional tort causing injury in Florida may satisfy section 48.193(1)(a)(2). *Del Valle v. Trivago GmbH*, 56 F.4th 1265, 1272 (11th Cir. 2022). Accordingly, the Court may assume for this Reply that Plaintiff's alleged Florida injury satisfies the long-arm statute. That assumption does not resolve due process. Plaintiff cannot be the defendant's only link to the forum. *Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State.").

The cases Plaintiff cites to in reliance are distinguishable, as in each case the offending party had conducted business in or specifically aimed communications or

activity into the forum state. *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1219 (11th Cir. 2023) (Complaint meets requirements of Due Process Clause because Indyzen sent emails into Florida); *Mut. Serv. Ins. Co. v. Frit Indus.*, 358 F.3d 1312, 1319-20 (11th Cir. 2004) (a company with insurance obligations in a state with no other business contact has submitted to jurisdiction of forum state); *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008) (fair warning requirement satisfied if defendant purposefully directed his activities at resident of forum); *Est. of Caviness v. Atlas Air, Inc.*, 693 F. Supp. 3d 1271, 1281 (S.D. Fla. 2023) (no indication that conduct underpinning Plaintiffs' invasion of privacy claims against FSI was aimed at Florida).

To meet the test, the tort must have been "intentional, aimed at the forum state, and caused harm that the defendant should have anticipated would be suffered in the forum state." *Del Valle*, 56 F.4th at 1276. That is not the case here as outlined by Littlejohn's sworn testimony. *See Griffin v. IRS*, Civil Action No. 22-24023-Civ-Scola, (S.D. Fla.) Doc. 171-1, Deposition Transcript Excerpt of Littlejohn, pp. 196-198, 220-221, Attached as **Exhibit A**.

For an intentional tort, the effects test requires conduct directly aimed at the forum, causing injury there that the defendant should reasonably have anticipated. *Emerald Consulting Partners, LLC v. Messner Reeves LLP*, No. 8:25-cv-1915-CEH-AEP, 2026 LX 86372, at *6 (M.D. Fla. Feb. 10, 2026). In cases involving broadly disseminated information, the Court examines the defendant's focus, purpose, and intent. A national audience is insufficient unless the defendant specifically sought to

reach the forum or an audience there. *Moore v. Cecil*, 109 F.4th 1352, 1363-1366 (11th Cir. 2024).

The relevant conduct occurred outside Florida. Littlejohn resided in the District of Columbia, worked in Washington, D.C.,[1] and accessed the IRS data outside Florida. He did not travel to Florida, communicate with anyone in Florida, or direct ProPublica to publish information to a Florida audience or about a resident of Florida. Plaintiff identifies no contrary Florida contact. In fact, as outlined in his sworn testimony, Littlejohn suggested that ProPublica compare the dataset against the Forbes list, of which Plaintiff has never been included.

Instead, Plaintiff relies on allegations that Littlejohn "executed targeted queries," accessed Plaintiff's information, and knew disclosure could harm affected taxpayers. Even accepting those allegations, they show at most general conduct not concerning Plaintiff and conduct not aimed at Florida. Knowledge that effects may be felt in the forum likewise is insufficient without forum-directed conduct. *Johnson v. Borell*, No. 25-CV-80252-AMC, 2026 U.S. Dist. LEXIS 89498, at *14 (S.D. Fla. Feb. 26, 2026) ("Mere knowledge that the effects of the defendant's conduct would be felt in the forum state, without more, is insufficient.") (citing *Moore*, 109 F.4th at 1363-64).

The scope of the dataset confirms the absence of a Florida focus. Littlejohn accessed information associated with thousands of the nation's wealthiest taxpayers, that's it, hard stop.

---

[1] In his Motion to Dismiss, Littlejohn noted employment in Maryland. However, that work was prior to the conduct that is the subject of litigation.

Plaintiff's status as a Florida resident and Senator does not supply the missing contact. The November 4 article concerned wealthy politicians and national tax policy, not Florida policy, events, or readership. Nationwide dissemination does not become Florida-directed conduct merely because one subject resides here. In the analogous context of online communications concerning national politics, the Eleventh Circuit rejected jurisdiction where the forum was not the intended focal point. *Moore*, 109 F.4th at 1362-63.

**B. The Four-Year Period Runs from Publication, Not from Plaintiff's Later Description of His Injury.**

The parties agree that Counts III and IV are intentional tort claims governed by a four-year limitations period. Plaintiff therefore attacks the Motion's accrual date, arguing that the first amended complaint does not expressly label November 4, 2021 as the date of accrual and first identifies January 29, 2024 as a specific date associated with his injury. Neither point makes Plaintiff's claims timely.

Plaintiff does not identify a later publication that first disclosed the private facts. His generalized allegation of "numerous articles" does not explain what later publication disclosed his information, when it appeared, or how it created a distinct invasion. His reliance on *Swedberg v. Goldfinger's S., Inc.*, 338 So. 3d 332 (Fla. 3d DCA 2022), collapses due to his failure to specify later publication(s).

Plaintiff's reliance on January 29, 2024 is particularly misplaced. Plaintiff's Response in Opposition admits that his victim-impact statement described harm he had "already suffered" from Littlejohn's conduct. Doc. 56 at 14. The statement thus

memorialized an existing injury; it did not publish additional private information, create a new invasion, or restart the limitations period.

Plaintiff's position also conflicts with his theory. He alleges that Littlejohn provided information to national media organizations for public dissemination and that publication was the intended and foreseeable result. If the November 4, 2021, dissemination completed the alleged publicity sought and produced the claimed injury, Plaintiff cannot defer accrual until he later spoke at Littlejohn's sentencing. The limitations period runs from the alleged invasion and resulting injury, not from a later occasion on which Plaintiff recounted its effects.

The four-year period expired on November 4, 2025. Because Plaintiff filed suit in March 2026, Counts III and IV are untimely.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve all counsel of record.

*/s/ Ali Kamalzadeh*
Ali Kamalzadeh, Esq.
Florida Bar No. 115995
Kamalzadeh Law, PLLC
300 Ronald Reagan Blvd., Suite 205
Longwood, Florida 32750
Main: 407-550-1510
Direct: 407-579-0278
Facsimile: 407-278-0185
Eservice: AKpleadings@aliklaw.com

*/s/ Michelle Yard*
Michelle Yard, BCS
Florida Bar Number: 14085
Email: michelle@michelleyard.com
**Law Office of Michelle Yard, PLLC**
1317 Edgewater Dr., Suite 4800
Orlando, Florida 32804
Office: (407) 488-6100
Attorneys for Charles Edward Littlejohn