**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RICHARD LYNN SCOTT,
Plaintiff,

v. Case No. 2:26-cv-00845-KCD-KRH

BOOZ ALLEN HAMILTON INC.,

Defendant.

---

**DEFENDANT BOOZ ALLEN HAMILTON INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

Defendant Booz Allen Hamilton Inc. ("Booz Allen") submits this response to the Court's September 27, 2026 Order to Show Cause (Doc. 61). Booz Allen agrees that all of Plaintiff Richard Lynn Scott's ("Senator Scott") claims should be transferred to the United States District Court for the District of Columbia ("D.D.C.") under 28 U.S.C. § 1404(a).

Three considerations compel that result. *First*, efficiency: the claims against Booz Allen and the claims against Charles Littlejohn arise from the same criminal conduct and will turn on the same facts, documents, and witnesses. Litigating them in two courts would double the discovery burden on the parties, the IRS, and the Treasury Department. *Second*, consistency: absent transfer, two courts would decide the same core questions—what Littlejohn did, whether he acted within the scope of

his employment, and whether the claims are timely—and could reach conflicting answers. *Third*, the locus of operative facts: Littlejohn lived in Washington, D.C. and stole the information from IRS systems while working on IRS projects; Booz Allen managed those federal contracts from the D.C. metropolitan area, where its headquarters, its relevant employees, and the government witnesses are located. As this Court has already found, Littlejohn's "entire scheme was orchestrated and executed far from Florida." (Doc. 60 at 3.) Florida's only connection to this case is Senator Scott's residence.

## BACKGROUND[1]

Senator Scott is a United States Senator who seeks to hold Booz Allen responsible for a crime Littlejohn committed alone, for entirely personal reasons, and in direct contravention of his training, Booz Allen's interests, and the IRS protocols designed to prevent such misconduct. Littlejohn committed his crimes on IRS systems while living in Washington, D.C., and working on IRS projects at IRS facilities. (Doc. 54 at 2–3; Factual Basis for Plea ¶¶ 1–12, 14–16, *United States v. Littlejohn*, No. 1:23-cr-00343 (D.D.C. Oct. 12, 2023), ECF No. 9.) Senator Scott does not allege that Littlejohn targeted him in particular, much less because of his ties to Florida. (Doc. 60 at 7.)

[1] The facts alleged in the First Amended Complaint ("FAC") are assumed true only for purposes of this submission. (Doc. 14.)

Senator Scott's three claims against Booz Allen—negligence (Count I), vicarious liability (Count II), and invasion of privacy (Count III)—all arise from Littlejohn's theft and disclosure of Senator Scott's taxpayer information. Count I alleges that Booz Allen negligently hired, supervised, and retained Littlejohn and failed to implement adequate safeguards. FAC ¶¶ 86–94. Count II seeks to hold Booz Allen vicariously liable for Littlejohn's actions based on the theory that Littlejohn acted within the scope of his employment. *Id.* ¶¶ 96–102. And Count III alleges that Booz Allen enabled Littlejohn's intentional access and disclosure of Senator Scott's information. *Id.* ¶¶ 103–110.

Some of Booz Allen's primary defenses, in turn, depend on proving that Littlejohn acted outside the scope of his employment using "personal devices, private websites, and virtual machines to steal data directly from IRS systems" without Booz Allen's knowledge, involvement, or fault. (Doc. 28 at 2, 4.) Booz Allen also maintains that it could not independently monitor or audit the IRS systems from which Littlejohn stole taxpayer information—the IRS exercised exclusive control.

**ARGUMENT**

Section 1404(a) permits a district court to transfer a civil action to another district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The District of Columbia

is such a district, and the relevant factors, including judicial efficiency, eliminating duplicative litigation, and the locus of relevant facts, decisively favor sending this case there. *See Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F. Supp. 2d 1292, 1300 (S.D. Fla. 2002).

### A. The District of Columbia Is a Proper Venue.

Just as with Littlejohn, Senator Scott could have brought his claims against Booz Allen in Washington, D.C. The FAC alleges that Booz Allen conducted business as a government contractor for the Treasury Department and the IRS, that Littlejohn lived in Washington, D.C., and that the claims arise from Booz Allen's hiring, supervision, and retention of Littlejohn in connection with those federal contracts. FAC ¶¶ 7, 12, 17–18, 40–45. Venue in D.D.C. is thus proper, and that court could exercise personal jurisdiction over Booz Allen. *See Al Mheid v. Minchew*, No. 24-11930, 2025 WL 3034322, at *7 (11th Cir. Oct. 30, 2025).

### B. Transfer Promotes Judicial Efficiency and Prevents Duplicative and Inconsistent Litigation.

Transfer is proper because the severed claims against Littlejohn and the remaining claims against Booz Allen require courts to "consider the same underlying issues." *Meterlogic*, 185 F. Supp. 2d at 1302. The claims arise from the same course of conduct: Littlejohn's criminal theft and disclosure of Senator Scott's taxpayer information. Without transfer, two courts would decide the same core facts—what Littlejohn accessed, when, and how; whether his conduct was within the scope of

his employment; when and how Senator Scott's information was disclosed and published; and whether the claims are timely. Proceeding on separate tracks thus presents a risk of inconsistent rulings. It also would require duplicative discovery from the IRS, the Treasury, Booz Allen witnesses, and Littlejohn himself. *See id.* at 1305 ("transfer will result in more efficient pretrial discovery"). Such a "waste[] of time, energy, and money" is what "§ 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).

Trial efficiency and the interests of justice therefore favor transfer to D.D.C. That court already handled Littlejohn's criminal case, which included Senator Scott's victim-impact statement. *See* FAC ¶ 53. Trying all claims in D.D.C. would thus be "more expeditious" than "allow[ing] two courts to decide similar issues." *Cent. Money Mortg. Co. v. Holman*, 122 F. Supp. 2d 1345, 1347 (M.D. Fla. 2000); *Meterlogic*, 185 F. Supp. 2d at 1303.

To head off transfer, Senator Scott has indicated that he could drop Counts II and III. Such a dismissal would only concede what Booz Allen has already shown: Count II is not a standalone cause of action under Florida law, and Count III is both untimely and unsupported by any allegation of an intentional act by Booz Allen. More importantly for present purposes, Count I is no less tied to Littlejohn than Counts II and III, and Senator Scott's maneuver thus would not solve the problems inherent in splitting up this case.

Count I alleges that "[a]s a direct and proximate result of Booz Allen's negligent conduct, Littlejohn was able to access, extract, and disclose Plaintiff's confidential tax return information." FAC ¶ 92. To prove this claim, Senator Scott must establish what Littlejohn did, when he did it, and whether Booz Allen could have foreseen or detected it, among other things. One of Booz Allen's principal defenses—that Littlejohn acted alone and outside the scope of his employment without any ability of Booz Allen to monitor his activities, using IRS systems, personal devices, and virtual machines to evade detection—turns on the same facts. Dropping Counts II and III would remove two labels, but it would not remove Littlejohn's conduct from the center of the case.

### C. Transfer Is More Convenient for the Parties and Witnesses.

Senator Scott's own pleading places the operative events in and around Washington, D.C., not in Florida. The same goes for the key witnesses.

Senator Scott alleges that Littlejohn accessed IRS systems under Booz Allen's contracts with the Treasury and the IRS, and that Booz Allen—which is headquartered in McLean, Virginia—hired, vetted, supervised, and retained him. FAC ¶¶ 7, 11, 40. As this Court found, Littlejohn "accessed the data in Maryland, resided in the District of Columbia, and handed over the stolen information to national publications." (Doc. 60 at 3.) As a result, every alleged failure in the FAC would have happened where Booz Allen managed its IRS contracts and where

Littlejohn worked. None of them happened in Florida. Florida's only connection to this dispute is that Senator Scott lives here. That connection merits little weight when, as here, the operative facts arose elsewhere. *See Bennett Eng'g Grp., Inc. v. Ashe Indus., Inc.*, No. 6:10-cv-1697-Orl-28GJK, 2011 WL 836988, at *3 (M.D. Fla. Mar. 8, 2011) ("[A]lthough the Plaintiffs' choice of forum should be given due consideration, it 'is accorded lesser weight where the choice of forum lacks any significant connection with the underlying claim.'" (citation omitted)).

The geographic locus of operative facts makes it more likely that key witnesses—including IRS and Treasury personnel who oversaw Littlejohn and Booz Allen's contracts with those agencies, as well as Booz Allen employees who worked with Littlejohn at the IRS—are in the Washington, D.C. area rather than in Florida. *See, e.g.*, *SEC v. Captain Crab, Inc.*, 655 F. Supp. 615, 619 (S.D.N.Y. 1986) (transferring case to Florida where three other similar cases were pending with the "same non-party witnesses will be called"). Senator Scott's own counsel practices in Washington, D.C. FAC at 23. And Senator Scott cannot credibly claim that litigating in D.D.C. will inconvenience him—he is a sitting U.S. Senator in Washington, D.C. Transfer therefore imposes no meaningful burden on Senator Scott, and it would make it much less burdensome for the witnesses. *See Cent. Money Mortg.*, 122 F. Supp. 2d at 1346.

## CONCLUSION

For the foregoing reasons, it does not "make[] sense" to keep Senator Scott's claims against Booz Allen in this Court. (Doc. 61 at 1.) Booz Allen respectfully requests that this Court transfer the remaining claims to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).

Dated: October 5, 2026

Respectfully submitted,
/s/ A. Lee Bentley, III

A. Lee Bentley, III
Fla. Bar No. 1002269
Giovanni P. Giarratana
Fla. Bar No. 125848
Sarah A. Chen
Fla. Bar No. 1069100
**Bradley Arant Boult Cummings LLP**
1001 Water Street, Suite 1000
Tampa, Florida 33602
Ph: (813) 559-5500
Fax: (813) 229-5946
Primary E-mail: lbentley@bradley.com
Primary E-mail: ggiarratana@bradley.com
Primary E-mail: schen@bradley.com
Secondary E-mail: jbrandt@bradley.com

*Counsel for Defendant Booz Allen Hamilton Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 5th day of October 2026, a true and correct copy of the foregoing was electronically filed in the United States District Court, Middle District of Florida, using the CM/ECF system which will serve all counsel of record.

*/s/ A. Lee Bentley, III*
Counsel for Defendant