**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RICHARD LYNN SCOTT,
Plaintiff,

v. Case No. 2:26-cv-845-KCD-KRH

BOOZ ALLEN HAMILTON, INC.,
CHARLES EDWARD LITTLEJOHN,
Defendants.
_________________________________/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Richard Lynn Scott respectfully submits this Response to the Court's September 27, 2026, Order to Show Cause and explains below why, following Plaintiff's proposed narrowing of the claims against Defendant Booz Allen Hamilton, Inc. ("Booz Allen"), the remaining negligence claim should proceed in this Court.

## INTRODUCTION

Plaintiff is prepared to narrow this action to Count I, his direct negligence claim against Booz Allen, by seeking leave to amend the First Amended Complaint ("FAC") to withdraw Counts II and III as against Booz Allen.[1] That amendment would eliminate the derivative theories that gave rise to the Court's concern about proceeding with related claims in separate forums. The Florida action would proceed solely

[1] The FAC asserts four counts: Count I, negligence against Booz Allen, FAC ¶¶ 86–94; Count II, vicarious liability/respondeat superior against Booz Allen, *id.* ¶¶ 96–102; Count III, invasion of privacy/public disclosure of private facts against Booz Allen and Littlejohn, *id.* ¶¶ 103–110; and Count IV, intentional infliction of emotional distress against Littlejohn, *id.* ¶¶ 111–119.

regarding whether Booz Allen's own alleged failures to safeguard Plaintiff's confidential tax information constituted negligence and caused Plaintiff's injuries. The claims against Charles Edward Littlejohn ("Littlejohn") would proceed separately in the District of Columbia.

This proposed amendment would materially change the posture identified in the Court's Show Cause Order. No remaining claim against Booz Allen would depend upon a finding that Littlejohn is legally liable to Plaintiff. Count I alleges an independent basis for liability arising from Booz Allen's own conduct, including its alleged failures to implement adequate safeguards, restrict elevated access privileges, monitor access to sensitive taxpayer information, and identify or respond to anomalous activity. Doc. 14 ¶¶ 86–94; *see id.* ¶ 89. The Court therefore could adjudicate Count I without first determining whether Littlejohn is personally liable on the claims now pending against him in the District of Columbia.

## I. PLAINTIFF'S PROPOSED AMENDMENT ELIMINATES THE INTERDEPENDENCE IDENTIFIED IN THE SHOW CAUSE ORDER

Plaintiff's proposed amendment provides a straightforward means of addressing the concern identified by the Court while preserving the claim that can proceed independently in this forum. The amendment would streamline the case against Booz Allen and clarify the distinct scope of the proceedings that would remain in Florida and the District of Columbia.

### A. Plaintiff Will Seek Leave to Withdraw Counts II and III Against Booz Allen

Because the deadline to amend pleadings under the Case Management Report has passed, Plaintiff must first demonstrate good cause under Rule 16(b)(4) before the Court considers whether amendment is appropriate under Rule 15(a). *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998). Rule 16's good-cause inquiry turns principally on the diligence of the party seeking amendment. *Id.* at 1418.

Good cause exists here. The Case Management Report set September 1, 2026, as the deadline to amend pleadings. The circumstance prompting Plaintiff's proposed amendment did not arise until September 27, 2026, when the Court entered its Show Cause Order. Doc. 61. The Order raised whether the remaining claims against Booz Allen should continue in this Court following the transfer of the claims against Littlejohn. *Id.* Plaintiff now proposes to narrow his claims promptly in response to that Order. This is therefore not a circumstance in which Plaintiff possessed the basis for amendment before the scheduling deadline but failed to act. Rather, the proposed amendment would respond directly to a case-management issue that arose only after the deadline had passed.

Once good cause is established under Rule 16, Rule 15 directs courts to "freely give leave" to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave ordinarily should be granted absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through prior amendments, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Those considerations likewise favor amendment here. Plaintiff would seek to narrow, rather than expand, the case. The

proposed amendment would not add new claims, parties, or factual theories and would not require Booz Allen to defend against any allegation not already at issue. Instead, it would eliminate claims and simplify the issues remaining for adjudication.

Accordingly, Plaintiff will seek leave to file an amended complaint that proceeds against Booz Allen only on Count I. Plaintiff would withdraw Count II in its entirety and withdraw Count III insofar as it is asserted against Booz Allen. Plaintiff's claims against Littlejohn would remain pending in the District of Columbia. The result would be two distinct actions directed at two separate defendants and theories of liability. In Florida, Plaintiff would pursue Count I against Booz Allen based on its own negligence. In the District of Columbia, Plaintiff would pursue Counts III and IV against Littlejohn based on his own malfeasance. Plaintiff proposes this amendment to streamline the litigation and address the concern identified by the Court, without conceding the merits of the theories withdrawn against Booz Allen.

### B. Following the Proposed Amendment, Count I Can Be Adjudicated Independently of the Claims Against Littlejohn

Count I alleges that Booz Allen itself owed and breached independent duties to protect confidential taxpayer information through appropriate administrative, technical, and supervisory safeguards. Doc. 14 ¶¶ 86–89. Specifically, the FAC alleges failures to implement adequate monitoring and anomaly-detection systems, conduct reasonable audit review, restrict elevated access privileges, detect abnormal or bulk data extraction, and control access to confidential taxpayer information. *Id.* ¶ 89.

The theory of Count I is therefore that deficiencies in Booz Allen's own safeguards enabled the unauthorized access, extraction, and disclosure of Plaintiff's information and proximately caused Plaintiff's resulting injuries. *Id.* ¶¶ 92, 94. The relevant questions are whether Booz Allen owed Plaintiff independent duties, whether Booz Allen breached those duties through its own acts and omissions, and whether those breaches caused Plaintiff's injuries. They do not include whether Littlejohn is independently liable on the claims now proceeding against him in the District of Columbia.

The streamlining of the Complaint to Count I would also clarify the posture of Booz Allen's pending statute-of-limitations argument. Dismissal on statute-of-limitations grounds at the Rule 12 stage is appropriate only where the time bar is "apparent from the face of the complaint." *See Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (citation omitted). In that posture, knowledge of Littlejohn's criminal conduct does not resolve the timeliness of the separate negligence claim pleaded against Booz Allen. The FAC alleges independent duties, breaches, and causation as to Booz Allen itself and Plaintiff's knowledge thereof. Doc. 14 ¶¶ 86–92, 94. That proposed amendment would thus permit the timeliness of Count I to be considered by reference to the claim as pleaded against Booz Allen.

With Counts II and III withdrawn as against Booz Allen, no remaining claim in this Court would require a determination that Littlejohn is personally liable to Plaintiff. The Court's prior ruling concerns Littlejohn. Following the proposed amendment, Littlejohn's conduct would not be the basis on which this Court is asked

to impose liability. What would remain is a direct negligence claim arising from Booz Allen's own alleged conduct that can be adjudicated independently of the claims proceeding against Littlejohn in the District of Columbia.

## II. THE REMAINING CLAIM AGAINST BOOZ ALLEN SHOULD NOT BE TRANSFERRED UNDER 28 U.S.C. § 1404(a)

Section 1404(a) permits transfer for the convenience of the participants to the litigation and "in the interest of justice." The statute is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Courts in this Circuit weigh nine factors when considering such a transfer:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Even assuming the District of Columbia satisfies § 1404(a)'s threshold requirement that the transferee district be one in which the action "might have been brought," *see* 28 U.S.C. § 1404(a), the relevant factors do not support transfer. That inquiry focuses on the convenience and fairness of transferring the action that would remain against Booz Allen. *See Stewart Org.*, 487 U.S. at 29 (describing § 1404(a) as requiring an "individualized, case-by-case consideration of convenience and

fairness"). The severance and transfer of the Littlejohn claims rested on a determination of a lack of personal jurisdiction over Littlejohn and on this Court's concern that outright dismissal "could inadvertently let the clock run out" on those claims. Doc. 60 at 9. That transfer proceeded under 28 U.S.C. § 1631 and the Court made no findings under § 1404(a). The considerations that prompted that defendant-specific transfer therefore do not resolve the § 1404(a) analysis as to the remaining claim against Booz Allen. Booz Allen has appeared and litigated in this District for approximately half a year without contesting personal jurisdiction or venue.

Applied to the claim that would remain, no § 1404(a) factor materially favors transfer to the District of Columbia, while several favor retention in this District.

**A. Plaintiff's Choice of Forum Continues to Weigh in Favor of Florida**

Plaintiff is domiciled in Naples, Florida, within this District. Doc. 14 ¶¶ 10, 16. He filed here, in his individual capacity, to recover for injuries he sustained here. *Id.* ¶¶ 15, 16. The Eleventh Circuit has held that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). The eighth *Manuel* factor therefore weighs in favor of retention, and it does so strongly. This is not a case in which Plaintiff selected a forum unconnected to himself or to his injury. Rather, Plaintiff sued where he lives and where he alleges he was harmed. The severance of the claims against Littlejohn does not materially alter the considerations supporting Plaintiff's choice of forum as to Booz Allen. Plaintiff selected this District at the outset, and the subsequent transfer of the Littlejohn claims resulted from a defendant-specific

jurisdictional ruling rather than any change in the connection between Plaintiff, Booz Allen, and this forum. Accordingly, Plaintiff's original forum choice remains entitled to weight in assessing whether the remaining claim against Booz Allen should be transferred.

### B. The Remaining Claim Concerns Booz Allen's Own Conduct and Can Be Litigated Independently in This District

The Court's Order identifies Count II vicarious liability as "contingent on Littlejohn's liability." Doc. 61 at 1. Plaintiff does not dispute that characterization, and the same contingency attends Count III as pleaded against Booz Allen, which rests on the Breach.[2] Doc. 14 ¶¶ 103–110. Count I stands on a different footing. It alleges that Booz Allen breached duties it owed directly by failing to implement and maintain adequate administrative, technical, and supervisory safeguards governing access to sensitive taxpayer information. Doc. 14 ¶¶ 86–91. The alleged violations are Booz Allen's own, including failures to monitor and audit access, restrict elevated privileges, detect anomalous or bulk data extraction, and implement safeguards responsive to known insider-risk concerns. *Id.* ¶¶ 89–91.

Proving that claim does not require adjudicating Littlejohn's tort liability. It requires evidence of Booz Allen's hiring and vetting practices, its access-control architecture, its audit and monitoring functions, and its knowledge and consideration of insider risk. Plaintiff pleads that the Treasury Department publicly determined on

[2] The FAC defines Littlejohn's unauthorized access, extraction, and disclosure of taxpayer information as "the Breach." (Doc. 14 ¶ 3).

January 26, 2026, that Booz Allen "had failed to implement adequate safeguards to protect confidential taxpayer information." *Id.* ¶ 79. That determination speaks directly to Booz Allen's own alleged safeguard failures, rather than to Littlejohn's personal liability.

The dependence of Counts II and III on the District of Columbia action is thus a reason to address those counts by amendment, not a reason to relocate Count I. Once those claims are removed as against Booz Allen, Count I presents an independently adjudicable negligence claim for purposes of the transfer analysis.

### C. The Convenience of Witnesses and Access to Evidence Do Not Require Transfer

Transfer will not move this case into the domicile of either remaining party. Plaintiff resides in Naples, Florida, Doc. 14 ¶ 16, Booz Allen is a Delaware corporation with its principal place of business in McLean, Virginia, *id.* ¶¶ 11, 17, but with at least two offices in this District, *Office Locations*, Booz Allen Hamilton, https://www.boozallen.com/menu/office-locations.html (last visited Oct. 1, 2026) (select "Florida" from "Select State" menu). Plaintiff does not reside in the District of Columbia, and Booz Allen is headquartered in McLean, Virginia. The only connection to that district in this record is that Littlejohn was domiciled there before his incarceration; however, he is no longer a party here and is confined in Marion, Illinois. Doc. 14 ¶ 12. Littlejohn committed the physical portion of the Breach at IRS facilities in Lanham, Maryland. *Id.* ¶ 18; Doc. 60 at 2. Accordingly, transfer to the

District of Columbia would not place Count I in the home forum of either remaining party or at the alleged site of the data access.

Booz Allen has never asserted that this forum is inconvenient. It responded to the First Amended Complaint with a motion under Rule 12(b)(6) alone, directed to the sufficiency of Counts I, II, and III. Doc. 28. It did not move to dismiss or transfer for improper venue and did not argue lack of personal jurisdiction whatsoever. Its conduct during the litigation to date therefore provides no record basis to conclude that this District imposes a material inconvenience on Booz Allen.

Transfer would also not improve access to proof. The relevant evidence concerns Booz Allen's own corporate practices, including its hiring and supervisory processes, security safeguards, access controls, and audit and monitoring systems. Those materials are principally within Booz Allen's custody and are equally producible in either district. That is particularly true where, as here, the relevant corporate records are likely to be electronically stored. Courts have recognized that "since the advent of electronic discovery," the physical location of documents carries substantially less weight in the transfer analysis. *Elkins v. Penn Nat'l Sec. Ins. Co.*, 2025 WL 2829547, at *2 (M.D. Fla. Oct. 6, 2025) (quoting *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1264 (N.D. Fla. 2019)).

The considerations of witness and party-convenience likewise do not favor transfer. Booz Allen "employed thousands of personnel nationwide." Doc. 14 ¶ 17. Its relevant employee witnesses are subject to its control, and no party has identified a non-party witness who would be available to compulsory process in the District of

Columbia but unavailable in this District. Similarly, no identified witness has been shown to face materially greater inconvenience from litigating in Florida rather than the District of Columbia. Accordingly, the first, third, and fifth *Manuel* factors do not favor transfer, while the second factor concerning access to proof likewise provides no basis for transfer.

### D. The Locus of Operative Facts Does Not Favor the District of Columbia, and Florida Retains a Meaningful Connection to Count I.

Plaintiff resides in Naples, Florida, and alleges that he suffered injury in this District. Doc. 14 ¶¶ 15–16. The harms alleged to result from Booz Allen's negligence include loss of personal security, economic loss, security-related and mitigation expenses, concern over the continuing dissemination of his financial information, and fear of future misuse of his confidential data. *Id.* ¶ 94. Those alleged injuries provide an independent connection between the remaining negligence claim and this forum. *See* 28 U.S.C. § 1391(b)(2); Doc. 14 ¶ 15.

Plaintiff's injury in Florida was insufficient to establish purposeful availment as to Littlejohn, but it does not automatically follow that Florida lacks a meaningful connection for purposes of § 1404(a). The inquiries are distinct: due process asks whether the defendant's own conduct creates the requisite connection with the forum, *see Walden v. Fiore*, 571 U.S. 277, 284–85 (2014), while § 1404(a) asks where the action may most conveniently and fairly proceed, *see Stewart Org.*, 487 U.S. at 29; 28 U.S.C. § 1404(a). The alleged corporate practices underlying Count I are not pleaded as having occurred in the District of Columbia, and the alleged data access occurred in

Maryland. Thus, even if the locus-of-operative-facts factor does not affirmatively favor Florida, it does not favor transfer to the District of Columbia. Accordingly, the fourth *Manuel* factor is, at most, neutral as between the two forums.

**E. The Relative Means of the Parties Does Not Support Transfer and This Court Is Familiar with the Governing Law.**

Nothing in the present record suggests that litigating in this District rather than the District of Columbia would impose a materially greater financial burden on either party. The sixth *Manuel* factor is therefore neutral.

The seventh *Manuel* factor also favors retention in this District. Florida substantive law governs the remaining claim, and Booz Allen's own motion briefs it as such, invoking Florida Statutes §§ 95.031(1) and 95.11(5) on limitations and Florida negligence principles on the merits. Doc. 28. This Court routinely applies Florida law. Although a federal court in the District of Columbia is capable of applying Florida law, this Court's familiarity with the governing law weighs in favor of retention.

**F. Judicial Economy and the Interests of Justice Favor Retaining the Fully Briefed Booz Allen Action.**

Booz Allen's motion to dismiss has been fully briefed since June 22, 2026. Docs. 28, 32, 37. It is ripe and presents threshold questions that this Court is positioned to resolve now.

This Court has also engaged the FAC closely in resolving Littlejohn's motion to dismiss. Doc. 60. Transfer would forgo the benefit of that familiarity and require another court to absorb the pleadings and the completed briefing before addressing the pending motion. The ninth *Manuel* factor therefore favors retention because keeping

Count I here avoids duplicative judicial effort and permits an already-briefed motion to proceed before the Court familiar with the case.

## III. THE EXISTENCE OF RELATED PROCEEDINGS IN THE DISTRICT OF COLUMBIA DOES NOT WARRANT TRANSFER ONCE THE DERIVATIVE CLAIMS ARE REMOVED.

What remains in the District of Columbia is an action against Littlejohn on intentional-tort theories that turn principally on his own actions and state of mind. Doc. 14 ¶¶ 103–119; Doc. 60 at 9. By contrast, the Florida action would proceed on a negligence claim against Booz Allen focused on its own institutional practices, safeguards, monitoring, and access controls. The two actions share factual background, but they present distinct theories of liability and materially different issues for adjudication. Resolution of Count I against Booz Allen does not require resolution of Littlejohn's personal liability on the claims proceeding in the District of Columbia. Littlejohn's criminal case in that district is also concluded. Doc. 28-1. Therefore, the existence of the related proceeding in the District of Columbia does not, standing alone, create a meaningful efficiency that favors transfer of the remaining negligence claim.

The claims have already been severed. Once the Court transferred the claims against Littlejohn, they proceeded separately from the claims remaining against Booz Allen. Doc. 60 at 9. The question now is therefore not whether related claims should remain together, but whether an independently adjudicable negligence claim against Booz Allen should be transferred merely because a different action against another defendant is pending elsewhere. Section 1404(a) requires more. The relevant

considerations are convenience and the interest of justice, and neither is advanced simply by placing these distinct claims in the same district.

Once Counts II and III are removed as against Booz Allen, the interdependence identified in the Show Cause Order no longer exists. Count I can be adjudicated on its own terms, in the forum where it was filed, without any determination of Littlejohn's personal liability. The pendency of the severed Littlejohn action therefore provides no independent basis to transfer the remaining claim against Booz Allen.

Transferring Count I would accomplish the opposite. It would move Plaintiff's negligence claim, governed by Florida law, against a Virginia-headquartered defendant into a district where neither party is domiciled or headquartered, where the FAC does not locate Booz Allen's alleged safeguard failures, and where a fully briefed dispositive motion would have to be taken up anew, all to place that claim alongside claims against a party no longer before this Court. Convenience and the interest of justice do not require that result, and the § 1404(a) factors do not support it.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that his proposed amendment would eliminate the interdependence identified in the Show Cause Order and leave a standalone negligence claim against Booz Allen that can be adjudicated independently in this District. Plaintiff therefore respectfully requests that the Court retain Count I in this District, upon which Plaintiff will seek leave to amend the FAC consistent with the proposal set forth above.

Date: October 5, 2026 Respectfully submitted,

*/s/ Nadin Linthorst*
Nadin Linthorst*
New York State Bar No. 5559042
Jessica Furst Johnson
Florida State Bar No. 43929
Dennis Polio*
District of Columbia Bar No. 198054
Lex Politica PLLC
611 Pennsylvania Ave SE #353
Washington, DC 20003
Telephone: 512-354-1785
nlinthorst@lexpolitica.com
jessica@lexpolitica.com
dpolio@lexpolitica.com

**COUNSEL FOR PLAINTIFF**

* Admitted *pro hac vice*