UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LYNN SCOTT,

Plaintiff,

Case No. 2:26-cv-845-KCD-KRH

v.

BOOZ ALLEN HAMILTON, INC.,
CHARLES EDWARD
LITTLEJOHN,

Defendants.
_______________________________/

**ORDER**

Plaintiff Richard Lynn Scott ("Senator Scott") alleges that Charles Edward Littlejohn, a former contractor for Booz Allen Hamilton, Inc., abused his security credentials to leak confidential IRS tax records. Senator Scott seeks to hold Littlejohn liable for intentionally disclosing his tax information and Booz Allen liable for the systemic security failures that enabled it. (*See* Doc. 14.)

The Court recently severed the claims against Littlejohn and sent them to the District of Columbia for lack of personal jurisdiction. (Doc. 60.) That created a procedural tangle because at least one of Senator Scott's claims sought to hold Booz Allen vicariously liable for Littlejohn's conduct. We generally try to avoid parallel litigation arising from the same facts. *See, e.g.*, *Lottery.com, Inc. v. Brier*, No. 8:23-CV-2594-KKM-TGW, 2024 WL 4905483,

at *5 (M.D. Fla. June 11, 2024) ("[A]void[ing] duplicative litigation is often a sufficient justification for dismissal where the claims are before two federal courts."). The Court thus directed the parties to brief why the rest of the case should also not go to D.C. (*See* Doc. 60.)

Booz Allen maintains that efficiency demands transferring the entire dispute. (Doc. 62.) But Senator Scott offers a different solution: he requests leave to amend the complaint to dismiss the derivative claims, leaving behind only a direct negligence action against Booz Allen. (Doc. 63.) The Court agrees that this proposed narrowing solves the problem of overlapping litigation. What would remain is a standalone claim focused on Booz Allen's institutional safeguards—issues this Court can address without adjudicating Littlejohn's liability. Littlejohn pled guilty to the unauthorized disclosure of this confidential tax data, and his criminal case has concluded. The Court need not conduct a duplicative inquiry into a settled criminal offense to decide whether Booz Allen breached its own independent duties to monitor Littlejohn or protect Senator Scott's data.

The Court also agrees that Senator Scott is entitled to amend the complaint. Because the amendment deadline in the scheduling order has passed, he must first show "good cause" under Fed. R. Civ. P. 16. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Good cause requires diligence. Put simply, Rule 16 "precludes modification unless the schedule

[could not have been] met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. Senator Scott's request to amend is not the result of inattention or ignoring the calendar. Rather, it arose from the Court's order, which flagged the risk of parallel litigation weeks after the amendment deadline passed. Senator Scott then promptly offered to drop the problematic claims to address those case-management concerns.

Senator Scott's request likewise passes muster under Rule 15, which instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. This reflects the general policy that courts should decide claims on the merits and not on "a technical exercise in the fine points of pleading." *Andrews v. Radiancy, Inc.*, No. 616CV1061ORL37GJK, 2017 WL 552873, at *2 (M.D. Fla. Feb. 10, 2017). Consistent with this framework, "there must be a substantial reason to deny a motion to amend, such as undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919, 923 (11th Cir. 2010). None of those red flags are apparent here. Senator Scott is not trying to smuggle in different legal theories or force Booz Allen to defend against new allegations. Just the opposite. He is asking to voluntarily withdraw claims, thus shrinking the dispute to a single negligence count. That is exactly the kind of sensible litigation practice the Federal Rules

encourage. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

With the threat of duplicative litigation off the table based on Senator Scott's reframed case, the transfer analysis under 28 U.S.C. § 1404(a) becomes straightforward. "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Booz Allen has failed to make that showing here.

To start, the District of Columbia has little connection to the remaining negligence claim. Booz Allen is headquartered in Virginia, Senator Scott lives in Florida, and the physical theft of the tax data happened in Maryland. The only meaningful link to D.C. is Littlejohn. But with the vicarious liability claims out, that connection is not enough to transfer the case over Senator Scott's objection. *See, e.g.*, *Craig v. Target Corp.*, No. 2:23-CV-599-JLB-KCD, 2024 WL 4981026, at *5 (M.D. Fla. Dec. 4, 2024). To be sure, Littlejohn's underlying conduct remains a piece of the puzzle. But the basic mechanics of his theft were established in his criminal case. The focus of the claim Senator Scott now wishes to pursue is what Booz Allen knew and what it did. That inquiry hinges on facts mostly detached from Littlejohn—namely, the

company's corporate safeguards and internal monitoring. As best the Court can tell, none of those issues have a meaningful connection to D.C.

Nor do the practicalities of evidence and witness availability move the needle. Any records relevant to this case can be electronically transferred to Florida just as easily as anywhere else. *See Nat'l Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1244 (M.D. Fla. 2016). And while Booz Allen broadly asserts that D.C. is more convenient for the people involved, it has failed to identify a non-party witness who would be unavailable in Florida. *See J2 Glob. Commc'ns, Inc. v. Protus IP Sols., Inc.*, No. CIV.A. 6:08-CV-211, 2008 WL 5378010, at *3 (E.D. Tex. Dec. 23, 2008) ("The Court presumes that the parties will be able to make their employees available to testify if necessary."); *Deerfield Auto., LLC v. Hyundai Motor Am. Corp.*, No. 6:25-CV-1307-PGB-LHP, 2025 WL 2896969, at *4 (M.D. Fla. Oct. 10, 2025) ("[V]ague statements about the convenience of unknown and unnamed witnesses [are] insufficient to convince' a court to transfer venue.").

Finally, Senator Scott is seeking relief under Florida law. A local tribunal "indisputably enjoys an advantage over" an out-of-state court in "deciding a claim based on" its own law. *In re Target Corp. S'holder Class Action Litig.*, No. 2:25-CV-00135-KCD-DNF, 2025 WL 3187126, at *3 (M.D. Fla. Nov. 14, 2025).

Section 1404(a) gives this Court broad discretion to decide where a case belongs. But that discretion operates against a strong presumption in favor of the plaintiff's chosen forum, particularly when he sues at home. Because Booz Allen has not shown that D.C. is a patently better venue, Senator Scott is entitled to litigate his truncated case here. Accordingly, it is now **ORDERED**:

1. Senator Scott's request to amend the complaint to proceed only on the direct liability claim (Doc. 63) is **GRANTED**;

2. Senator Scott must file his amended complaint on or before October 19, 2026;

3. Booz Allen's pending motion to dismiss (Doc. 28) is **DENIED AS MOOT** given that a new pleading has been ordered, and any applicable defenses can be raised in response to the forthcoming complaint.

**ENTERED** in Fort Myers, Florida on October 7, 2026.

Kyle C. Dudek
United States District Judge